## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**ROBERT LEWIS and DELORISE LEWIS**                     **PLAINTIFFS**

**v.**                         **No. 3:14-cv-92-DPM**

**WEST MEMPHIS MEADOWS 1998
APARTMENTS LP; SUSQUEHENA
LUCAS, in her individual capacity and
in her capacity as Community Manager;
and JOHNNIE LEE WINKFIELD**                     **DEFENDANTS**

### ORDER

The Lewises' complaint makes Fair Housing Act claims, so federal-question jurisdiction exists, 28 U.S.C. § 1331, and supplemental jurisdiction exists on the various state-law claims, 28 U.S.C. § 1367(a). The disputed point is procedural: was the unanimity requirement for removal satisfied? Winkfield is *pro se.* He told counsel for the other two defendants (West Memphis Meadows 1998 Apartments, L.P., and Susquehena Lucas) that he (Winkfield) consented to and joined in the removal. The timely notice filed by West Memphis Meadows and Lucas so stated. *№ 1 at ¶ 6.* Winkfield did not sign the notice of removal. And he did not sign any document about

removal within the statutory time to do so.  The Lewises have asserted this non-jurisdictional defect in their timely motion to remand. 28 U.S.C. § 1447(c). They make a strong argument from the absence of a contemporaneous paper signed by Winkfield.  West Memphis Meadows and Lucas have promptly filed an amended notice of removal, supported by Winkfield's signed consent, which confirms his conversation with co-defendants' counsel, and his joinder in removal, before the original notice.  *№ 9 & 9-1.*

The Court of Appeals has cautioned against both "hypertechnical and unrealistic" and "overly elastic" applications of the unanimity requirement. *Christiansen v. West Branch Community School District*, 674 F.3d 927, 933 (8th Cir. 2012).  The requirement is important.  It avoids duplicative litigation and stops one defendant from imposing its chosen forum on others.  *Ibid.*  But as then-Judge Blackmun emphasized in an early case involving nominal parties, this judge-made gloss on 28 U.S.C. § 1441(a) is neither absolute nor blind to practicalities.  *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir. 1967).  The point of the requirement is to have some sufficiently solemn and timely written indication that unequivocally binds each defendant to the forum choice.  *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008),

relying on *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

Winkfield did not have to sign the notice of removal. An attached signed document would suffice. *Pritchett*, 512 F.3d at 1062. A timely statement in a brief would also do. *Christiansen*, 674 F.3d at 933. "There must, however, 'be some timely filed written indication from each served defendant,' or from some person with authority to act on the defendant's behalf, indicating that the defendant 'has actually consented' to the removal." *Pritchett*, 512 F.3d at 1062, quoting *Marano Enterprises of Kansas v. Z-Teca Restaurants*, L.P., 254 F.3d 753, 756 n.6 (8th Cir. 2001). The law's trend is thus toward relaxing the formalities of how a defendant may consent. Some timely writing—signed by the party, his lawyer, or his agent—is the minimum required under the precedent in this circuit.

The undisputed foundational fact is that all three defendants joined in and consented to bringing this case here. The original notice stated unequivocally that Winkfield "joins and consents to this [r]emoval[.]" *№ 1 at ¶ 6*. This was imperfect but sufficient. The sum of the pre-removal talk between Winkfield and co-defendants' counsel was Winkfield's agreement to removal and authorization to counsel to put that agreement in a writing filed

of record.  *№ 10 at ¶ 12, № 11 at 2, & № 9-1*.  The whole point of that conversation was to get unanimity, or not, on the forum.

The lawyer for Lucas and West Memphis Meadows was, the Court concludes, Winkfield's agent solely for this limited purpose.  "The relation which the law calls agency does not depend on the intent of the parties to create it, nor their belief that they have done so."  RESTATEMENT (SECOND) OF AGENCY § 1, comment b (1958).  Indeed, defendants do not use the agency label in arguing against remand.  This is not determinative.  The substance is—agency is simply a legal conclusion that turns on all the material facts. *Howard v. Dallas Morning News, Inc.*, 324 Ark. 91, 99, 918 S.W.2d 178, 182 (1996) (noting and following RESTATEMENT's definition and this part of comment b).

Here, the only conclusion supported by the undisputed record is that Winkfield authorized co-defendants' counsel to communicate Winkfield's joinder in the notice of removal.  Counsel did so, on pain of Rule 11.  Counsel was Winkfield's special agent for this one purpose.  RESTATEMENT (SECOND) OF AGENCY § 3(2) (1958); *Arkansas Medical & Hospital Service, Inc. v. Cragar*, 220 Ark. 704, 707-08, 249 S.W.2d 554, 556-57 (1952).  Winkfield is bound by this formal communication in the notice of removal.  *American Southern Trust Co. v. McKee*, 173 Ark. 147, 166, 293 S.W. 50, 58 (1927) (on rehearing).  And because

there was "some timely filed written indication . . . from some person with authority to act on [Winkfield's] behalf . . ." in the removal process indicating Winkfield's actual and unequivocal consent, the unanimity requirement was satisfied. *Pritchett*, 512 F.3d at 1062.  A signature on the notice of removal, or some document signed by the co-defendant personally is, of course, the best practice. *Christiansen*, 674 F.3d at 933.  But, what happened here was good enough in the circumstances presented: actual consent by a *pro se* defendant; actual authority of counsel for co-defendants to communicate that consent to the Court and plaintiffs; and a timely written and unequivocal filing of record reflecting defendants' unanimity about removal.

This is not a case where a co-defendant absent from the removal papers belatedly says "me too." *Compare Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 1000-01 (S.D. Iowa 2001).  This is not a case where a co-defendant's position about removal was somewhat blurry in the papers. *Compare Getty Oil Corp.*, 841 F.2d at 1262 n.11.  In the notice, Winkfield joined in and consented to removal, within the statutory time, through the clear and authorized words of co-defendants' counsel.  Out of respect for the Arkansas courts, this Court has "scrupulously confine[d] [its] own jurisdiction to the

precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  But strict construction of the removal statute does not require the Court to close its eyes to the parties' timely unanimity and the authorized act of co-defendants' counsel in communicating the *pro se* defendant's choice.  Motion to remand, *№ 8*, denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 June 2014